**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VERNON BOBBY BOWDEN, JR.,**

           **Plaintiff,**

**-vs-**                                      **Case No. 6:11-cv-620-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

           **Defendant.**

_____

## MEMORANDUM OF DECISION

Vernon Bobby Bowden, Jr. (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying Claimant's claim for benefits. *See* Doc. No. 1. On January 27, 2007, Claimant applied for benefits, alleging an onset of disability as of December 31, 2005, due to a mental disorder and asthma. R. 52-53, 68, 73. Claimant is insured for disability benefits through December 31, 2005. R. 57. Claimant's application was denied initially and upon reconsideration. R. 68, 73. On April 16, 2009, after a hearing, Administrative Law Judge Gerald F. Murray (the "ALJ") determined that Claimant is not disabled. R. 57-64. As will be discussed in greater detail below, in reaching his decision, the ALJ relied upon the opinions of non-examining state agency consultants, a physical consultative examination, and the treatment records of Claimant's treating psychiatrist, Dr. Aldy Thebaud. R. 63. In sum, the ALJ found that Claimant has no exertional limitations and, at most,

moderate mental limitations in his ability to have occasional contact with the public. R. 61, 63.

After the ALJ's decision, the Claimant sought review from the Appeals Council, where Claimant submitted additional evidence, which consisted primarily of a two-page questionnaire from Dr. Thebaud ultimately opining that Claimant has been disabled since December 31, 2005. R. 1-5, 187, 189. The Appeals Council stated that it had considered the additional evidence submitted by Claimant, but it denied Claimant's request for review, stating that it "does not provide a basis for changing the [ALJ]'s decision." R. 1-4. The Appeals Council did not specifically discuss Dr. Thebaud's questionnaire. R. 1-4. Claimant appealed the Commissioner's final decision to the District Court. Doc. No. 1.

On appeal, Claimant argues that the final decision should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) because: 1) the Appeals Council erred by failing to adequately explain its evaluation of the new evidence and to grant Claimant's request for review by remanding the case back to the ALJ for further consideration; 2) the Appeals Council erred by failing to remand the case to the ALJ for consideration of any potential side-effects resulting from Claimant's medications based upon Claimant's submission to the Appeals Council of lists of side-effects that may result from Claimant's medications as published in the Physician Desk Reference; and 3) the ALJ erred by failing to pose a hypothetical question to the Vocational Expert, which included all of Claimant's impairments. Doc. No. 23 at 8-17. Claimant requests reversal and remand for further proceedings. Doc. No. 23 at 17. For the reasons more fully discussed below, final decision of the Commissioner is **REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) because the Appeals Council failed to explain its evaluation of the new, material evidence, which provides a reasonable**

**possibility of changing the administrative outcome.** *See Flowers v. Commissioner of Social Security*, 441 Fed.Appx. 735, 745-47 (11th Cir. 2011) (unpublished) (reversing where Appeals Council failed to show it adequately evaluated the new treating physician opinion evidence and the only remaining evidence supporting denial of benefits was the opinion of a non-examining physician) (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)).[1]

## I.  BACKGROUND.

The dispositive issue in this case is whether the Appeals Council erred by failing to adequately evaluate the new evidence and whether that evidence provides a reasonable possibility of changing the administrative outcome. Therefore, the Court will tailor discussion of the factual and procedural background to those issues.

  A.  Dr. Belsky.

On April 19, 2007, Dr. J. Belsky, a psychiatrist, provided a Psychiatric Review Technique ("PRT") based upon a records review. R. 257-70. Dr. Belsky opined that Claimant carries the diagnoses of Bipolar Disorder with a history of episodic periods manifested by the full symptomatic picture of manic and depressive syndromes, dyslexia, and cocaine disorder in remission. R. 257-65. Dr. Belsky opined that these impairments result in: moderate limitations in social functioning and maintaining concentration, persistence, and pace; mild restrictions in activities of daily living; and one or two episodes of deterioration, each of extended duration. R. 267.

Dr. Belsky also provided a Mental Residual Functional Capacity Assessment ("MRFC") based on a records review. R. 277-79. Dr. Belsky opined that Claimant has: no marked

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit.

limitations in any area; moderate limitations in the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, the ability to maintain concentration for extended periods, the ability to work in coordination or close proximity to others without being distracted, the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, the ability to interact appropriately with the public, the ability to accept instructions and criticism from supervisors, the ability to respond appropriately to changes in the work setting, and the ability to set realistic goals; and no significant limitations in any other area. R. 277-78.

Dr. Belsky based his opinions on the following:

> 43 yr old clmt who reports hx of psyh hospitalizations in Florida, but documentation is not complete. He has also been incarcerated for various offenses. He gives different histories to different people, which was noted by his psychiatrist at Camp LaGuardia. He reports that he was in special ed. because he was dyslexic. He also reports hx of past cocaine abuse, in remission since 7/06. He is in treatment and on [A]bilify and Zoloft. At the psychiatric evaluation by his treating psychiatrist 10/06 he was cooperative, friendly, a good reporter, with euthymic mood, no psychotic sx, and good cognitive functioning. He was able to do serial 7s. At the CE he complained of poor sleep, depression, crying spells. He was appropriate and cooperative. Mood was depressed. He could not do simple calculations claimed to recall none of 3 objects after 5 minutes. This was in contrast to the mental status examination by the treating psychiatrist. His [Activities of Daily Living] are adequate. He retains the ability to perform simple tasks in a low stress work setting. It appears that he tried to exaggerate his impairments at the CE, particularly on cognitive assessment as noted above.

R. 279. Thus, Dr. Belsky opines that Claimant is capable of simple task work in a low stress setting. R. 279. Dr. Belsky's PRT and MRFC were the basis for denying the Claimant's application at the initial and reconsideration level, regarding mental impairments. R. 52-53.

B. Dr. Gordon.

On October 17, 2006, the record contains a single treatment note from Dr. Paul Gordon, MD, for diagnosis and medication evaluation. R. 243-44.[2] Dr. Gordon opined that Claimant carries the diagnoses of Bipolar Disorder, Mixed; Cocaine Dependence in remission; Asthma; and a Global Assessment of Functioning Score of 54. R. 243. Dr. Gordon states that Claimant was diagnosed with Bipolar Disorder three years prior, Claimant has had three prior suicide attempts, two psychiatric inpatient admissions, and a history of hearing voices beginning three years prior. R. 243. Mental status examination revealed proper orientation, normal speech, constricted but appropriate affect, euthymic mood, no evidence of psychosis, intact memory, good intelligence and perceptions, intact judgment and insight, and good impulse control. R. 243. Dr. Gordon recommended that Claimant continue taking 25 mg of Zoloft and 15 mg of Abilify per day. Dr. Gordon did not offer any opinion regarding Claimant's limitations or ability to work. R. 243-44.[3]

C. Dr. Thebaud.

Claimant has been treated by Dr. Thebaud from December 2003 through July of 2009, except for periods when Claimant lived in New York, for psychiatric issues. R. 187-89, 343-62. Dr. Thebaud's treatment notes are largely handwritten and illegible. R. 343-62. Dr. Thebaud's treatment records show diagnoses of Bipolar Disorder with acute depression and mania, Cocaine Dependence, and Anxiety not otherwise specified. R. 345-48, 350-52, 362. Mental status

---

[2] It is assumed that Dr. Gordon is a psychiatrist, but that is not clear from the record.
[3] Dr. Gordon's treatment note is contained in Exhibit 4F of the record. R. 240-44. Also contained within that same exhibit is the "Psychiatric Assessment" of Charles A. Weinberg, a licensed social worker in the State of New York. R. 240-42, which was authored on or about November 15, 2006. Because Mr. Weinberg is not a psychologist or a medical doctor, the Court has not specifically addressed his report. In the ALJ's decision, he cites to Exhibit 4F, but the ALJ does not specifically mention either Mr. Weinberg or Dr. Gordon. R. 59-61. In his evaluation of the opinion evidence, the ALJ does not mention or cite to either Mr. Weinberg or Dr. Gordon. R. 63.

examinations appear to be essentially normal, but Claimant's Global Assessment of Functioning Scores range from 54-65. R. 344-62. Dr. Thebaud did not offer an opinion into the record when the case was before the ALJ.

## II. ADMINISTRATIVE PROCEEDINGS.

On April 16, 2009, the ALJ issued a decision finding that Claimant is not disabled. R. 57-64. The ALJ found has the following severe impairments: bipolar disorder; history of dyslexia; history of substance abuse; and nicotine abuse. R. 59. The ALJ found that Claimant's impairments, singly and in combination, do not meet or medically equal any of the Listings. R. 60-61. The ALJ specifically considered whether Claimant's mental impairments medically equal Listings 12.03, 12.04, and 12.09. R. 60. The ALJ found that Claimant has: mild restrictions in activities of dialing living; moderate difficulties in social functioning; moderate difficulties in concentration, persistence, or pace; and has one or two episodes of decompensation, each of extended duration. R. 60-61. The ALJ stated: "Because the [C]laimant's mental impairments do not cause <u>at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation</u>, each of extended duration, the 'paragraph B' criteria are not satisfied." R. 61 (emphasis added). Thus, based on these findings, the ALJ found that Claimant does not medically equal any Listing. R. 60-61.

The ALJ found that Claimant has the residual functional capacity ("RFC") to: perform a full range of work at all exertional levels but with the following non-exertional limitations: The [C]laimant can perform up to and including semi-skilled SVP 4 positions. The Claimant should avoid dust or extreme temperatures due to asthma. The Claimant may have occasional contact with the public." R. 61. Thus, the ALJ determined that the Claimant is capable of performing

semi-skill work and, other than the lone environmental restriction, is only limited to occasional contact with the public. R. 61. As for the mental opinion evidence, which the ALJ relied upon to make the above RFC assessment, the ALJ states:

> Great weight has been given to [Dr. Belsky's PRT and MRFC], which are consistent with the [RFC] delineated above. Some weight is also being given to the treatment records of Dr. Thebaud, which reveal the [C]laimant's condition is not as bad as he alleges.

R. 63. Thus, in determining the Claimant's RFC, the ALJ gave "great weight" to Dr. Belsky's non-examining PRT and MRFC and some weight to Dr. Thebaud's treatment notes.[4] Based on the forgoing, the ALJ found that Claimant is not disabled. R. 63-64.

At the Appeals Council, Claimant submitted additional evidence consisting in pertinent part of a two page opinion questionnaire from Dr. Thebaud. R. 1-4, 187-88. Dr. Thebaud's opinion, dated July 6, 2009, states that Claimant's Bipolar Syndrome results in: marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; and repeated episodes of decompensation, each of extended duration. R. 187. Dr. Thebaud further opines that Claimant suffers from generalized persistent anxiety, which also results in marked limitations in social functioning and maintaining concentration, persistence or pace. R. 189. Dr. Thebaud opines that Claimant's limitations result in his inability "to perform even sedentary work on a reliable and sustained basis 8 hours per day, 5 days per week." R. 189. Dr. Thebaud states that these opinions are based on his review of the medical records, Claimant's reported history, and "the level of severity of the impairments which were diagnosed upon examination." R. 189. Dr. Thebaud further opines that severity of these impairments has existed since December 31, 2005. R. 189. Thus, Dr. Thebaud opines that

---

[4] The ALJ does not explain why he found that Claimant is capable of performing "semi-skilled" work when Dr. Belsky opined only that Claimant is capable of simple work.

Claimant has been disabled since December 31, 2005. R. 189. As set forth above, the Appeals Council summarily stated that it had considered the additional evidence submitted by Claimant, but it denied Claimant's request for review, stating that it "does not provide a basis for changing the [ALJ]'s decision." R. 1-2.

### III. THE ISSUE.

As mentioned above, the dispositive issue in this case is whether the Appeals Council erred by failing to adequately explain its evaluation of the new evidence and to grant Claimant's request for review by remanding the case back to the ALJ for further consideration. Claimant maintains that Dr. Thebaud's opinion is new and material evidence supporting a finding of disability and the Appeals Council erred by failing to articulate its evaluation of the opinion. Doc. No. 23 at 13-15. The Commissioner maintains that the Appeals Council did not err because Dr. Thebaud's opinion did not provide any basis for his opinions and, because the opinion is inconsistent with Dr. Thebaud's treatment records. Doc. No. 24 at 13. Accordingly, the Commissioner request that the final decision be affirmed. Doc. No. 24 at 14.

### IV. LEGAL STANDARDS.

#### A. THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At

> step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B. THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560;

*accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

### C. REMEDIES.

Congress has empowered the District Court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the District Court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for District Court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it

is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may also be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). The District Court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098. Where the District Court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[5]

## V.    ANALYSIS.

Claimant contends that the Appeals Council erred by failing to demonstrate that it adequately evaluated the new evidence and by not remanding the case to the ALJ to consider it. Claimants may generally present new evidence at each stage of the administrative proceedings. 20 C.F.R. §§ 404.900(b), 416.1470(b); *Ingram v. Commissioner of Social Security*, 496 F.3d 1253, 1261 (11th Cir. 2007). If additional evidence is presented for the first time to the Appeals

---

[5] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the District Court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

Council, it must consider the evidence if it is "new and material" evidence relating "to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). Thus, to warrant consideration by the Appeals Council, the evidence must relate to the period on or before the date of the ALJ's decision. *Id.* In this case, although Dr. Thebaud's opinion was dated after the date of the ALJ's decision, the opinion unequivocally states that the limitations described therein existed since December 31, 2005, the alleged onset date. R. 189. Accordingly, Dr. Thebaud's opinion is "new" because it relates to the period before the ALJ's decision and should have been considered by the Appeals Council.

"When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." *Flowers v. Commissioner of Social Security*, 441 Fed.Appx. 735, 745 (11th Cir. Sep. 30, 2011) (unpublished) (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). Thus, the Appeals Council must demonstrate or articulate in some manner that it has appropriately evaluated the new evidence. *Id.* "If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.'" *Flowers*, 441 Fed.Appx. at 745 (quoting *Epps*, 624 F.2d at 1273).

In *Flowers*, the ALJ properly rejected the opinions of Claimant's treating and examining physicians and relied instead upon the opinion of a non-examining physician, which was well supported by the medical findings contained in the records from the treating and examining

physicians. *Id*. at 740-43.[6] The claimant then submitted new evidence to the Appeals Council consisting of new treatment records and opinions from claimant's treating physician. *Id*. at 746. The Appeals Council adopted the ALJ's decision without meaningfully addressing the new evidence. *Id*. The Eleventh Circuit reversed finding that the Appeals Council had not adequately considered the claimant's new evidence. *Id*. at 745. The Eleventh Circuit stated that "[i]ndeed, apart from acknowledging that Flowers had submitted new evidence, the Appeals Council made no further mention of it or attempt to evaluate it." *Id*. The Eleventh Circuit noted that the new evidence before the Appeals Council was from a treating physician while the ALJ had relied, albeit properly in that case, on the opinion of a non-examining physician. *Id*. at 746-747. Thus, to the extent the non-examining physician's opinion contradicted the opinion of the treating physician; the non-examining opinion must be accorded little weight. *Id*. at 747. Accordingly, the case was remanded for consideration of the new evidence because there was a reasonable possibility that the new evidence would change the administrative outcome. *Id*.

In this case, the ALJ's RFC as to Claimant's mental impairments is based almost entirely upon the opinion of Dr. Belsky, a non-examining state agency consultant. R. 61, 63. After the ALJ's decision, the Claimant submitted Dr. Thebaud's retrospective opinion to the Appeals Council. R. 1-5, 187, 189. Dr. Thebaud is Claimant's long-term treating psychiatrist. R. 343-62, 187, 189. There is no question that Dr. Thebaud's opinion directly contradicts the PRT and MRFC of Dr. Belsky. *Compare* R. 187, 189 *with* R. 257-70, 277-80. Absent good cause, the opinions of treating physicians must be accorded substantial or considerable weight. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). "The opinion of a non-examining physician does

---

[6] The Eleventh Circuit recognized that rejecting all of the treating and examining physicians' opinions and relying on the opinion of a non-examining physician instead was an unusual step, but they stated it was appropriate given the record in *Flowers*. *Id*. at 746.

not establish the good cause necessary to reject the opinion of a treating physician." *Johnson v. Barnhart*, 138 Fed.Appx. 266, 269 (11th Cir. 2005). Moreover, the opinions of a non-examining physician do not constitute substantial evidence when standing alone. *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). Thus, absent good cause, Dr. Thebaud's opinion must be given substantial weight and the non-examining opinions must be given little weight. *Lamb*, 847 F.2d at 703.

In its decision denying review, the Appeals Council merely stated that "we considered the reasons you disagree with the decision and the additional evidence . . . [but] [w]e found this information does not provide a basis for changing the [ALJ's] decision." R. 1-2. As in *Flowers*, the Appeals Council here did not demonstrate that it adequately evaluated the new evidence or did anything more than perfunctorily adhere to the ALJ's decision. On that basis alone, the case must be remanded to the Commissioner. *Epps*, 624 F.2d at 1273.

The Commissioner maintains that Dr. Thebaud's opinion would not likely change the administrative outcome because good cause exists to reject the opinion. Doc. No. 24 at 13. However, the Court is mindful that it "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Because the Appeals Council did not articulate any evaluation of Dr. Thebaud's opinion, in order for the Court to determine whether good cause exists to reject the opinion, the Court would necessarily have to engage in prohibited activities of deciding facts anew, reweighing the evidence, and substituting its own decision about the total record for that of the Commissioner. Accordingly, the Court finds that the case should be reversed and remanded to the Commissioner for evaluation of the total record. *See Flowers*, 441 Fed.Appx. at

745, 747.[7]

## VI. CONCLUSION.

Based on the forgoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk to enter judgment in favor of the Claimant and to close the case.

**DONE and ORDERED** in Orlando, Florida on June 13, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Laura M. Pichardo, Esq.
Community Legal Services of Mid Florida, Inc.
122 E. Colonial Drive, Suite 200
Orlando, FL  32801

John F. Rudy, III
U.S. Attorney's Office
Suite 3200

---

[7] Because the Court finds that the final decision of the Commissioner is not supported by substantial evidence, it is unnecessary to address the other issues raised by the Claimant. On remand, the Commissioner should insure that the ALJ considers all of the evidence, states with particularity the weight given to all medical opinions, and the reasons therefor. Although not an issue raised by Claimant, in the interest of administrative and judicial efficiency, the Court notes that the ALJ also failed to address a consulting examining physician's opinion from Dr. Leslie Helprin. On April 9, 2007, Dr. Leslie Helprin, Ph.D., as consultative examining psychologist opined that Claimant's major depressive disorder, with psychotic features, "currently interfere with [Claimant's] ability to function in a competitive workplace on a daily basis," and Claimant "will not be able to manage his own funds due to his cognitive limitations," if disability benefit are awarded. R. 251. Dr. Helprin opined that Claimant could perform "simple, supported" work, but only if he continues with psychiatric treatment and undergoes vocational preparation. R. 251. The ALJ does not mention or weigh Dr. Helprin's opinion in the decision. This failure also constitutes reversible error. *See MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

-15-

400 N. Tampa St.
Tampa, Florida        33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia        30303-8920

The Honorable Gerald F. Murray
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building, #400
8880 Freedom Crossing
Jacksonville, Florida   32256-1224